# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

LISA F. NEELY,

      Petitioner,

v.                                                                                    Case No. 1:23-cv-00752

WARDEN, FPC Alderson,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson") Petitioner filed the instant § 2241 habeas corpus petition seeking manual recalculation of her release date after application of all possible federal earned time credit ("FTC") under the First Step Act of 2018 ("FSA"). On January 3, 2024, Respondent filed a response to the petition asserting that Petitioner's claims were not then ripe for review. (ECF No. 7). On January 26, 2024, Petitioner filed a reply brief contending that her FTC has not been properly calculated based upon her PATTERN score and contained an inaccurate FSA conditional projected release date further considering a home detention eligibility date under the Second Chance Act ("SCA"). Petitioner was subsequently

released from Federal Bureau of Prisons' ("BOP") custody on May 1, 2024; thus, her request for relief can no longer be granted by this court and her petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007).  As noted above, Petitioner has been released from BOP custody without any collateral consequences related to her claims; thus, this federal court is no longer able to grant her requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to her release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at her last known address.

August 27, 2024

Dwane L. Tinsley
United States Magistrate Judge

3